UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON LEE SMITH,

       Petitioner,

v.

Case No. 1:07-cv-810
Hon. Robert J. Jonker

CARMEN PALMER,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Brandon Smith, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I.    Background

A jury convicted petitioner of first-degree home invasion, M.C.L. § 750.110a(2) and aggravated domestic violence, M.C.L. § 750.81a(2). *See People v. Brandon Lee Smith*, No. 264419 (Mich. App. Feb. 15, 2007) (docket no. 16). Petitioner was sentenced to 5 to 20 years imprisonment for the home invasion conviction and 307 days imprisonment for the assault conviction. *Id.* Petitioner, through counsel, presented two issues on appeal:

    I.    Did the trial court reversibly err in ruling that [petitioner's] cuffs and belt device be left on during trial, showing the jury obvious indications of incarceration?

    II.    Were [petitioner's] convictions for home invasion with intent to commit domestic assault and aggravated domestic assault the same offense as set out in the Michigan Constitution, Art. 1, § 15, and the United States Constitution, Ams V and XIV?

Brief on Appeal (docket no. 15).

The Michigan Court of Appeals affirmed petitioner's convictions. *See People v. Brandon Lee Smith*, No. 264419. Petitioner raised the same issues in his application for leave to appeal to the Michigan Supreme Court, which that court denied. *See People v. Brandon Lee Smith*, No. 133452 (Mich. July 18, 2007) (docket no. 17). Petition has now filed a habeas petition, raising the same two issues.

## II. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted all of the issues raised in his petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

### III. Petitioner's habeas claims

### A. Petitioner was denied a fair trial when he appeared before the jury wearing restraints.

The Michigan Court of Appeals determined that the trial court erred in allowing petitioner to attend trial in a restraint, but determined the error was harmless:

> Before voir dire, defense counsel objected to defendant appearing before the jury in restraints, which consisted of one handcuff attached to a belt restraint. The trial court overruled the objection, commenting that the restraint was very subtle and not noticeable, that defendant could write and communicate with his attorney, and

that it was the policy of the trial court to have all criminal defendants who were in custody in restraints while in the courtroom. There was no finding that defendant presented a security or escape risk.

Defendant now argues that the trial court committed error requiring reversal by ruling that defendant's restraints should be left on during trial in the presence of the jury, clearly indicating that defendant was incarcerated and compromising the presumption of his innocence. We disagree. This Court reviews a trial court's decision to restrain a defendant at trial for an abuse of discretion under the totality of the circumstances. *People v. Dixon*, 217 Mich.App 400, 404-405; 552 NW2d 663 (1996).

The Sixth Amendment guarantee of the right to a fair trial means that "one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial." *Taylor v. Kentucky*, 436 U.S. 478, 485; 98 S Ct 1930; 56 L.Ed.2d 468 (1978). As determined by our Supreme Court, shackling a defendant in the presence of a jury undermines the constitutional presumption of innocence. *People v. Dunn*, 446 Mich. 409, 425-426; 521 NW2d 255 (1994). Nevertheless, the right of a defendant to appear at trial without any physical restraints is not absolute. *Dixon*, *supra* at 404. A trial court has the authority in controlling the course of a trial to restrain a defendant in the presence of a jury, but only to maintain an orderly trial, to prevent injury in the courtroom, and to frustrate escape. *People v. Banks*, 249 Mich.App 247, 256; 642 NW2d 351 (2002); *Dixon*, *supra* at 404.

Because restraints can only be used to prevent injury, frustrate escape, and maintain judicial order, the trial judge in this case clearly erred in failing to remove defendant's restraints, where she stated on the record that she had no information that defendant presented a threat. *Dunn*, *supra* at 425-426; *Dixon*, *supra* at 404-405. Further, the trial judge failed to exercise her discretion when she simply deferred to a court policy of restraining all persons in custody instead of determining whether restraints were required. However, reversal is not required because the error was harmless. *People v. Anderson (After Remand)*, 446 Mich. 392, 404-406; 521 NW2d 538 (1994). Defendant has not identified any portion of the existing record or made a specific offer of proof that he experienced any actual prejudice. In the absence of any record evidence or any such offer of proof of actual prejudice, we decline to review further defendant's claim of prejudice and deny his request for an evidentiary hearing.

*People v. Brandon Lee Smith*, No. 264419, slip op. at pp. 1-2 (footnote omitted).

A state court's application of a harmless error test could be unreasonable for purposes of federal habeas review if the error undermined the fundamental fairness of the state adjudication. *Ruimveld v. Birkett*, 404 F.3d 1006, 1014 (6th Cir. 2005), citing *Williams*, 529 U.S. at 375. "However, the Supreme Court has clearly stated that habeas corpus is only warranted where errors 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Ruimveld*, 404 F.3d at 1014, quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). "While the burden of persuasion on harmless error review falls on a petitioner, he need not prove that the error was outcome-determinative; instead he must merely remove any assurances that the error did not affect the outcome." *Ruimveld*, 404 F.3d at 1014.

The Michigan Court of Appeals applied the correct federal constitutional rule in concluding that the state trial court erred in allowing petitioner to wear restraints at trial. However, the state court's additional conclusion that petitioner's restraints constituted harmless error was not unreasonable. At the outset of the trial, petitioner's counsel objected to the use of restraints:

> [PETITIONER'S COUNSEL]: One thing to put on the record. I notice and I talked to Sergeant Estrada concerning the cuffs on my client's right arm. I understand that the security issues that we're being faced with right now and everything [sic]. I would like to note for the record our objection to my client being cuffed. I never found [petitioner] being a threat. That may not be much, I'm not him. That's our concern, especially if he decides to testify.
>
> THE COURT: I understand. I don't have any information that would tell me he is a threat either. It is now our court policy. I actually didn't even know he was in the belt device. It's very subtle and unnoticeable, I think. And he does have one hand free. He can write and communicate with this attorney. We are going to do this with everyone who is in custody. If he does testify, we will certainly take measures so the jury will not be able to see the situation.

Trial Trans. I at p. 4 (docket no. 13).

5

Petitioner does not point to any evidence in the record to establish that the "very subtle" and "unnoticeable" restraint of his right arm had a substantial and injurious effect or influence in determining the jury's verdict. *Ruimveld*, 404 F.3d at 1014. In his appellate brief, and the arguments presented in support of his petitioner, Smith acknowledged "that the record in this case is not clear on whether the restraints were fully visible to the jury." *See* Habeas Petition Attachment B at p. 8 (docket no. 1-3). Petitioner merely states that "there is nothing in the record that the physical set-up of the courtroom shielded the cuffs and belt device from the jury's view." *Id.* The transcript reflects that the trial court was prepared to take measures to prevent the jury from seeing the restraints if petitioner testified. Trial Trans. I at p. 4. While this issue was never addressed, because petitioner did not testify in his defense. Trial Trans. II at p. 4 (docket no. 14), the statement itself strongly suggests, as the trial judge had indicated, that the restraints were never visible to the jury. Petitioner has failed to meet his burden of persuasion with respect to the harmless error, i.e., "[to] remove any assurances that the error did not affect the outcome." *See Ruimveld*, 404 F.3d at 1014.

The state court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Accordingly, petitioner is not entitled to relief on this claim.

**B.    Petitioner's double jeopardy claim**

The Michigan Court of Appeals addressed petitioner's double jeopardy claim as follows:

> Defendant also argues that his convictions for both home invasion with intent to commit domestic assault and aggravated domestic violence violate his

> constitutional protections against double jeopardy. We disagree. A double jeopardy challenge presents a question of constitutional law, which this Court reviews de novo. *People v. Calloway*, 469 Mich. 448, 450; 671 NW2d 733 (2003).
>
> The prohibition against double jeopardy in both the federal and state constitutions protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Id.* at 450. The prohibition against successive prosecutions for the same offense protects the defendant from overreaching by the prosecutor. However, the constitutional prohibition against multiple punishments protects a defendant from being punished more than the Legislature intended. *Calloway*, *supra* at 450-451. The constitutional prohibitions against double jeopardy do not limit the Legislature's power to define crimes and assign punishments. No violation of double jeopardy can occur if the Legislature intended to impose multiple punishments for the same offense. *Calloway*, *supra* at 450-451. The Legislature's intent in permitting multiple punishments is primarily determined by considering the subject, language, and history of the statutes, and the punishments authorized by the statutes. Statutes that address distinct societal norms are separate and permit multiple punishments. *People v. Kulpinski*, 243 Mich.App 8, 13; 620 NW2d 537 (2000).
>
> This case involves the home invasion statute, MCL 750.110a(9), which provides that "[i]mposition of a penalty under this section does not bar imposition of a penalty under any other applicable law." Thus, the Legislature clearly intended to permit multiple punishments when both the home invasion statute and another statute could apply to the same criminal conduct. *Calloway*, *supra* at 450-451; *People v. Conley*, 270 Mich.App 301, 311; 715 NW2d 377 (2006). Defendant's convictions did not violate his constitutional protection against double jeopardy because the Legislature explicitly intended to permit convictions of home invasion and any other crime, such as aggravated domestic assault.

*People v. Brandon Lee Smith*, No. 264419, slip op. at pp. 2-3.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," and "applies both to successive punishments and to successive prosecutions for the same criminal offense." *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000), quoting *United States v. Dixon*, 509 U.S. 688, 696 (1993). To prevail on a double jeopardy claim, petitioner must pass the *Blockburger* test. Under this test, the court determines whether two statutory offenses have different elements and each requires

proof of a fact not contained in the other offense. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Dixon*, 509 U.S. at 696. "A defendant will be considered placed in double jeopardy only if every violation of one statute entails a violation of another." *United States v. Forman*, 180 F.3d 766, 768 (6th Cir. 1999) (internal quotation marks omitted).

Here, petitioner was charged with two distinct crimes that encompassed different behavior. First-degree home invasion is a felony, punishable by imprisonment for not more than 20 years, fine up to $5,000.00, or both. M.C.L. § 750.110a(5). The elements of first-degree home invasion are as follows:

> (2) A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.
>
> (b) Another person is lawfully present in the dwelling.

M.C.L. § 750.110a(2). The home invasion statute contemplates that the home invader may be subject to prosecution for committing one of the predicate offenses. *See* M.C.L. § 750.110a(9) (providing that the "[i]mposition of a penalty under this section does not bar imposition of a penalty under any other applicable law"); *See People v. Conley*, 270 Mich.App. 301, 311-12, 715 N.W.2d 377 (2006) (the Legislature clearly expressed an intent to allow multiple punishments under the home invasion statute, "that is, a conviction of both first-degree home invasion and another crime for the same incident").

The elements of aggravated domestic violence, M.C.L. § 750.81a(2), are substantially different:

> Except as provided in subsection (3) [not applicable here], an individual who assaults his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of the same household without a weapon and inflicts serious or aggravated injury upon that individual without intending to commit murder or to inflict great bodily harm less than murder is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $1,000.00, or both.

M.C.L.A. 750.81a(2).

Petitioner committed two distinct crimes: the home invasion with the intent to commit an assault and the underlying domestic assault. "[T]he crime of home invasion has as its general purpose the deterrence of entries into occupied dwellings with an unlawful purpose." *People v. Feketia*, No. 223545, 2002 WL 737787 at*2 (Mich. App. April 23, 2002). It does not require the assault of a household member. On the other hand, the crime of aggravated domestic violence is specifically directed to assaults committed by an individual against a domestic partner or member of the offender's household regardless of where they occur. In applying the *Blockberger* test, the court concludes that these two statutory offenses have different elements and each requires proof of a fact not contained in the other offense. *Blockburger*, 284 U.S. at 304; *Dixon*, 509 U.S. at 696.

The state court's decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Accordingly, petitioner is not entitled to relief on this claim.

### IV. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: August 5, 2010                                  /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge



ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).